IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3589 |
| | § | |
| NORTH AMERICAN INTERPIPE, | § | |
| INCORPORATED f/k/a SEPCO | § | |
| TUBULARS, INC. | § | |
| | § | |
| Defendant/Counter | § | |
| Plaintiff/Third-Party | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NEXT CHAPTER ASSOCIATES, | § | |
| L.L.C., and FITZHENRY & HOGAN, | § | |
| INC., d/b/a ASSOCIATED | § | |
| INSURANCE MANAGERS, | § | |
| | § | |
| Third-Party Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Third-Party Defendants Next Chapter Associates, L.L.C., and Fitzhenry & Hogan, Inc.'s Motion to Dismiss (Document No. 8). After carefully considering the motion, response, reply, sur-reply, and the applicable law, the Court concludes as follows.

I.  Background

In this duty to defend and indemnify case, Lexington Insurance Company ("Plaintiff") seeks a declaration that it has no duty to

defend or indemnify its insured, North American Interpipe, Inc. ("Defendant"), in a lawsuit filed by Ultra Resources against Defendant ("the underlying suit").[1] Ultra Resources brought suit against Defendant in Colorado because a casing supplied by Defendant was allegedly faulty, causing it to leak and damage an oil formation.[2] Ultra Resources seeks $1.7 million in compensatory damages.[3]

Plaintiff issued Defendant (f/k/a Sepco Tubulars Inc.) a commercial general liability insurance policy and an excess liability policy providing coverage from March 2006 to March 2007.[4] Since learning about the underlying suit, Plaintiff denies that it has any duty to defend or indemnify Defendant under the terms of the policies, and seeks a declaration to that effect.[5]

Based on Plaintiff's denial that is has any duty to defend or indemnify Defendant, Defendant alleges counterclaims against Plaintiff for violations of the Texas Insurance Code, DTPA, and common law duties of good faith and fair dealing, and for breach of contract.[6] In addition, Defendant asserts third-party claims

---

[1] *See* Document No. 1.

[2] Id. at 2.

[3] Id. at 3.

[4] Id. at 4.

[5] Id. at 2-11.

[6] Document No. 4 at 6-13.

against the insurance agents that procured the policies at issue, Next Chapter Associates, L.L.C., and Fitzhenry & Hogan, Inc. (together, "Third-Party Defendants"), for violations of the Texas Insurance Code and the DTPA, negligence, negligent misrepresentation, and breach of fiduciary duties based on Third-Party Defendants' representations that the policies would provide coverage for the damages alleged in the underlying suit.[7]

Third-Party Defendants move to dismiss Defendant's third-party claims for DTPA violations, negligent misrepresentation, and breach of fiduciary duty based on Federal Rule 12(b)(6).[8]  Third-Party Defendants contend that (1) Defendant's claims for DTPA violations and negligent misrepresentation "fail as a matter of law" because Defendant had a duty to read the policies procured by Third-Party Defendants, and therefore Defendants could not have relied on the Third-Party Defendants' alleged misrepresentations; and (2) Defendant's claim for breach of fiduciary duty "must be dismissed" because "no Texas case has ever recognized that an insurance agent owes a fiduciary duty to an insured."[9]

---

[7] Document No. 4 at 6-9, 14-20.

[8] Document No. 8 at 2.

[9] *See* Document No. 8 (emphasis in original).

II.  Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.  In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (citing Twombly).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

4

conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

### III. Discussion

A.  Defendant's Third-Party Claims for Violations of the DTPA and Negligent Misrepresentation

An insured generally has a duty to read its policy; however, Texas courts permit causes of action against insurance agents for violations of the DTPA and for negligent misrepresentation where the agent engages in deceptive or negligent practices, for example, misrepresenting specific policy terms prior to a loss when the insured's reliance upon that misrepresentation actually causes the insured to incur damages, as was alleged here. See Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999) ("Texas courts have recently recognized that the statutory language [of the DTPA and Texas Insurance Code] is broad enough to permit in the appropriate circumstances a cause of action against an insurance agent who engages in unfair or deceptive acts or practices."); Aspen Specialty Ins. Co. v. Muniz Eng'g, Inc., 514 F. Supp. 2d 972, 988-89 (S.D. Tex. 2007) (Harmon, J.) (denying insurance agent's motion

5

for summary judgment--wherein the agent contended that the negligent misrepresentation claims pending against it must be dismissed as a matter of law because the insured had a duty to read the policy--because "the existence of a cause of action against an insurance agent for misrepresenting the terms of a policy is well established." (citing Rainey-Mapes v. Queen Charters, Inc., 729 S.W.2d 907, 913-14 (Tex. App.--San Antonio 1987, writ dism'd)); KIW, Inc. v. Zurich Am. Ins. Co., No. Civ.A. H-05-3240, 2005 WL 3434977, at *3 (S.D. Tex. Dec. 14, 2005) (Atlas, J.) (concluding that an insurance agent was not improperly joined because the agent may be liable for negligently or intentionally misrepresenting the terms of a policy: "Texas courts have recognized actionable common law tort claims based on either an insurance agent's negligent or intentional misrepresentation." (citing Nast v. State Farm Fire & Cas. Co., 82 S.W.3d 114, 124 (Tex. App.--San Antonio 2002, no pet.)); Sabine Towing & Transp. Co. v. Holliday Ins. Agency, Inc., 54 S.W.3d 57, 62-63 (Tex. App.--Texarkana 2001, pet. denied) (dismissing a negligent misrepresentation claim based on the applicable statute of limitations).[10] Accordingly, and read in the light most favorable to the third-party claimant, Defendant's third-party claims against Third-Party Defendants for violations of

---

[10] Moreover, Defendant asserts that it "has not received" the insurance policies at issue, thereby abrogating its duty to read said policies. Document No. 19 ¶ 12; see Aspen Specialty, 514 F. Supp. 2d at 986, 988 ("[The insured] had no duty to read a policy it did not have.").

the DTPA and negligent misrepresentation are claims upon which relief can be granted.

B.   Defendant's Third-Party Claim for Breach of Fiduciary Duty

Under Texas law, "[f]iduciary duties arise as a matter of law in certain formal relationships, including attorney-client, partnership, and trustee relationships. . . . Outside of the cases in which formal fiduciary duties arise as a matter of law, confidential relationships may arise when the parties have dealt with each other in such a manner for a long period of time that one party is justified in expecting the other to act in its best interest." Ins. Co. of N. Am. v. Morris, 981 S.W.2d 667, 674 (Tex. 1998) (citations omitted). "Texas does not recognize the relationship between insurance agent and client as a formal fiduciary relationship." Aspen Speciality, 514 F. Supp. 2d at 983; see also Envtl. Procedures, Inc. v. Guidry, --- S.W.3d ---, 2009 WL 237063, at *17-18 (Tex. App.--Houston [14th Dist.] Feb. 3, 2009, no pet. h.) ("[W]e decline to extend the set of formal fiduciary relationships to encompass the relationship of an insurance agent, agency, or broker to a client."); Mauskar v. Hardgrove, No. 14-02-00756-CV, 2003 WL 21403464, at *5-6 (Tex. App.--Houston [14th Dist.] June 13, 2003, no pet.) (finding no formal or informal fiduciary relationship between insured and insurance agent). Therefore, to avoid dismissal, Defendant's claim must allege facts

to support the existence of an informal fiduciary relationship with Third-Party Defendants.

"To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 288 (Tex. 1998) (citing Transp. Ins. Co. v. Faircloth, 898 S.W.2d 269, 280 (Tex. 1995)); Mauskar, 2003 WL 21403464, at *5-6. "The fact that a business relationship has been cordial and of extended duration is not by itself evidence of a confidential relationship. Nor is subjective trust sufficient to transform an arms-length transaction into a fiduciary relationship." Mauskar, 2003 WL 21403464, at *6 (citing Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 177 (Tex. 1997); Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex. 1962); Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663, 675 (Tex. App.--Houston [1st Dist.] 1996, no writ)).

Defendant's third-party claim makes no mention of a "special relationship of trust and confidence [that] exist[ed] prior to, and apart from, the" creation of the insurance contracts at issue and fails to allege facts from which the Court could infer that there was such an informal fiduciary relationship. Defendant fails to discuss any "special relationship of trust" between itself and Third-Party Defendants apart from the normal trust placed in insurance agents who sell insurance policies. Thus, Defendant's

third-party claim for breach of fiduciary duty does not state a claim upon which relief can be granted.

Defendant requests leave to amend its pleadings "in order to demonstrate that the causes of action pled, if true, would support its claims for . . . breach of fiduciary duty."[11] Because Third-Party Defendants have not yet filed a responsive pleading to Defendant's third-party claims, Defendant may amend its pleadings as a matter of course. *See* McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 315 (5th Cir. 2002) ("Because a Rule 12(b)(6) motion to dismiss is not a 'responsive pleading,' the filing of such a motion does not extinguish a party's right to amend as a matter of course."); FED. R. CIV. P. 15(a). Accordingly, Defendant is granted leave to amend its pleading with a more definite statement within fourteen (14) days after the entry of this Order, and its failure to do so will result in dismissal of its claim for breach of fiduciary duty.

## IV. Order

Based on the foregoing, it is

ORDERED that Third-Party Defendants Next Chapter Associates, L.L.C., and Fitzhenry & Hogan, Inc.'s Motion to Dismiss (Document No. 8) is DENIED except for Third-Party Claimant's allegation of

---

[11] *See* Document No. 19 ¶ 25.

breach of fiduciary duty, as to which the Motion to Dismiss will be GRANTED unless Defendant amends such claim with a more definite statement within fourteen (14) days after the entry of this Order.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 19th day of June, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE