IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3589 |
| | § | |
| NORTH AMERICAN INTERPIPE, | § | |
| INCORPORATED f/k/a SEPCO | § | |
| TUBULARS, INC., | § | |
| | § | |
|     Defendant/Counter | § | |
|     Plaintiff/Third-Party | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NEXT CHAPTER ASSOCIATES, | § | |
| L.L.C., and FITZHENRY & HOGAN, | § | |
| INC., d/b/a ASSOCIATED | § | |
| INSURANCE MANAGERS, | § | |
| | § | |
|     Third-Party Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Lexington Insurance Company's Motion for Separate Trials and Abatement of Extra-Contractual Claims (Document No. 44), to which Defendant North American Interpipe, Inc. has filed its response in opposition.

Lexington asserts that NAI's non-contractual claims should be tried separately from their contractual claims "to avoid prejudice."[1]  Federal Rule of Civil Procedure 42(b) provides:

---

[1] Document No. 44 at 2.

1

> **Separate Trials**. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

FED. R. CIV. P. 42(b). The decision to order separate trials is in the sound discretion of the district court. *See* Conkling v. Turner, 18 F.3d 1285, 1293 (5th Cir. 1994). Although federal procedural law governs whether federal courts may order separate trials in diversity cases such as this one, *see* Rosales v. Honda Motor Co., 726 F.2d 259, 262 (5th Cir. 1984), Texas court opinions are helpful in determining whether the Texas law claims should be tried separately. *See, e.g.*, Whittenburg v. State Farm Mut. Auto. Ins. Co., No. 3:96-cv-2837-D, 1997 WL 10036 (N.D. Tex. Jan. 8, 1997).

A necessary predicate to Lexington's being held liable for NAI's non-contractual claims is a determination that Lexington breached the insurance contract. *See* Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996) ("[I]n most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."). As such, Lexington argues that severance will promote judicial efficiency by permitting determination of only the preliminary issue of the contractual claims first, while avoiding "confusing the jury" with

evidence directed at two separate issues.[2]  In addition, Lexington asserts that it will be prejudiced if the contractual and non-contractual claims are tried together because it:

> [W]ould be forced to choose between asserting a defense to bad faith based on the opinions of coverage counsel and its investigation of the claim, and preserving the attorney-client and work product privileges that protects [sic] those opinions and documents from discovery.[3]

In Akin, a case cited by Lexington, the Texas Supreme Court was presented with similar arguments.  See Akin, 927 S.W.2d at 628-29.  The plaintiff in Akin alleged his insurer breached the insurance contract and breached its duty of good faith by improperly denying a portion of his insurance claim.  Id.  The Texas Supreme Court held that the contract and bad faith claims were "largely interwoven" and that most evidence introduced at trial would be important to both claims.  Id. at 630.  Therefore, severing the cases to conduct separate trials would not be more efficient than conducting a single trial.  Id.

The court recognized, however, that separate trials may be required if the insurer has offered to settle the plaintiff's entire contract claim.  Id. at 629-30.  Normally, when an insurer has made an offer to settle the entire contract claim, severance is required to avoid prejudice; evidence of settlement offers usually

---

[2] Document No. 44 at 4.

[3] Id. at 5.

is admissible on the non-contractual claims to rebut evidence of bad faith, but inadmissible on the contract claim. Id. at 629; *see also, e.g.*, Divine Restoration Apostolic Church v. Nationwide Mut. Ins. Co., No. 4:09-cv-0926, 2010 WL 1064727, at *3-*4 (S.D. Tex. Mar. 19, 2010) ("[C]ourts often find it necessary to order separate trials to avoid the prejudicial effect of allowing evidence of settlement offers on disputed claims, while still allowing a plaintiff to submit such evidence where it is relevant."); Greil v. Geico, No. 3:01-CV-0352-H, 2001 WL 1148118, at *1-*2 (N.D. Tex. Sept. 18, 2001) (severing contract claims where "Gieco has made a settlement offer to Greil that was declined"); Mid-Century Ins. Co. of Tex. v. Lerner, 901 S.W.2d 749, 752 (Tex. App.--Houston [14th Dist.] 1995, orig. proceeding) ("[I]t is an abuse of discretion for a trial court to refuse to sever and abate extra-contractual claims from a breach of contract claim when the extra-contractual or bad faith claims are based on an inadequate settlement offer.").

Here, there is no evidence that Lexington has offered to settle any portion of NAI's claim. Therefore, severance is not required on account of any potential prejudice to Lexington. Furthermore, as in Akin, severance would not advance judicial economy because the evidence on the coverage claim and on Lexington's defenses to that claim is likely to be interwoven to a large extent with the non-contractual issues. *See* 927 S.W.2d at 629. Any prejudice that could result from a joint trial of the

4

contractual and non-contractual claims can be cured by appropriate instructions to the jury.  *See* <u>Peace Lake Towers, Inc. v. Indian Harbor Ins. Co.</u>, No. 06-4522, 2007 WL 925845, at *3 (E.D. La. Mar. 23, 2007) (Vance, J.) (finding that bifurcating claims of coverage and bad faith was not appropriate because the evidence regarding both claims is "likely to be interwoven to a large extent" and "'any prejudice would not be substantial enough to warrant separate trials. . . .'" (quoting <u>Ferguson v. State Farm Ins. Co.</u>, No. 06-3936, 2007 WL 102127, at *1 (E.D. La. Jan. 9, 2007))).

Accordingly, for the foregoing reasons, it is

ORDERED that Plaintiff Lexington Insurance Company's Motion for Separate Trials and Abatement of Extra-Contractual Claims (Document No. 44) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 28th day of June, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE