IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3589 |
| | § | |
| NORTH AMERICAN INTERPIPE, | § | |
| INCORPORATED f/k/a SEPCO | § | |
| TUBULARS, INC., | § | |
| | § | |
| Defendant/Counter | § | |
| Plaintiff/Third-Party | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NEXT CHAPTER ASSOCIATES, LLC, | § | |
| and FITZHENRY & HOGAN, INC. | § | |
| d/b/a ASSOCIATED INSURANCE | § | |
| MANAGERS, | § | |
| | § | |
| Third-Party Defendants.[1] | § | |

MEMORANDUM AND ORDER

Pending are Plaintiff Lexington Insurance Company's ("Lexington") Motion to Strike and, Alternatively, Motion to Dismiss Third-Party Defendants' "Counterclaim" (Document No. 66) and Lexington's Motion for Leave to Designate Responsible Third

_____

[1] Although the parties were realigned by Order dated December 13, 2010 (Document No. 84), for convenience and clarity the caption used before realignment is used herein and the parties are referred to as they were aligned and referred to when the motions were filed.

Party (Document No. 79).  After carefully considering the motions, responses, and the applicable law, the Court concludes as follows.[2]

## I.  Motion to Strike or Dismiss

Third-Party Defendants Next Chapter Associates, L.L.C. ("Next Chapter") and Fitzhenry & Hogan, Inc. d/b/a Associated Insurance Managers ("AIM"), through their agents Richard Kellner and Rick Tucker, assisted Defendant North American Interpipe, Inc. ("NAI") in obtaining the insurance policy at issue.[3]  NAI has asserted claims for negligence, negligent misrepresentation, and violations of the Texas Insurance Code and Deceptive Trade Practices Act ("DTPA") against Third-Party Defendants.  Third-Party Defendants filed a cross-claim[4] against Lexington in which they allege that Lexington violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") by misrepresenting "to AIM and NAI that the Policy at issue would cover losses arising out of 'in hole' failures of NAI's piping or casing."[5]

---

[2] The factual background of this insurance dispute is set forth in the Court's Memorandum and Order dated April 19, 2010 (Document No. 43).

[3] Document No. 62 at 2 (Third-Party Defendants' "Counterclaim").

[4] As Lexington points out, the appropriate designation of Third-Party Defendants' pleading is a "cross-claim."

[5] Document No. 62 at 3; Third-Party Defendants were served with NAI's Third-Party Claims more than 18 months before cross-claiming against Lexington in August, 2010.  See Document Nos. 6, 7.

A court "should freely give leave [to amend] when justice so requires," id. 15(a)(2), and "must possess a 'substantial reason' to deny a request for leave to amend." Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 994 (5th Cir. 2005) (quoting Lyn-Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 286 (5th Cir. 2002)). Factors bearing on whether to grant leave to amend include: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC, 655 F. Supp. 2d 679, 695 (S.D. Tex. 2009) (Rosenthal, J.).   Although Third-Party Defendants' explanation of their delay in amending their answer to include a cross-claim is not highly compelling, it nonetheless appears that Lexington will suffer no prejudice; NAI long ago asserted misrepresentation claims under the Texas Insurance Code against Lexington based essentially upon the same alleged facts regarding procurement of the policy.[6]   Thus, Lexington already would have prepared its defense of this claim.[7]

_____

[6] See Document No. 25 at 11 (NAI's Counterclaims).

[7] Third-Party Defendants' amended pleading is different from NAI's previous request for leave to amend its complaint, which the Court denied by Order dated March 1, 2010 (Document No. 40), because NAI sought leave to add a claim of fraud in the inducement, which no party had theretofore pled. See Document No. 40 at 2. Moreover, NAI sought leave to amend after it and Lexington had filed cross-motions for summary judgment against each other. See Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999) ("[W]e more carefully scrutinize a party's attempt to raise new theories of

Lexington presumably had opportunity to obtain further discovery on Third-Party Defendants' claims when Judge Stacy enlarged the discovery deadline to November 30, 2010. *See* Amended Docket Control Order, September 27, 2010 (Document No. 69). Moreover, to ensure that Lexington suffers no prejudice, the Court will require Third Party Defendants within two weeks after the date of this Order to present to Lexington for oral deposition Mr. Richard Kellner of Next Chapter and within that time frame will also permit Lexington to take the oral deposition of Mr. Charles Messery, both of whom Lexington contends it needs to depose in light of Third-Party Defendants' cross-claim.[8]

Lexington's alternative motion to dismiss under Rule 12(b)(6) will be denied. The counterclaim sufficiently alleges misrepresentation under Rule 9(b)'s standards. The Fifth Circuit "has stated that Rule 9(b) requires that the plaintiff allege 'the particulars of time, place, and contents of the false representations,' . . . as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud." <u>United</u>

_____

recovery by amendment when the opposing party has filed a motion for summary judgment.").

[8] *See* Document No. 66 at 6. Third-Party Defendants in their response represent without dispute that Lexington, at the time of their response, had already scheduled the deposition of Rick Tucker of AIM, one of the agents involved in the procurement of the policy. Document No. 71 at 10.

States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 384 (5th Cir. 2003) (quoting Williams v. WMX Techs., 112 F.3d 175, 179 (5th Cir. 1997); United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997)). Third-Party Defendants' cross-claim adequately does so.

Lexington also asserts that Third-Party Defendants fail to allege actionable misrepresentation. It characterizes their cross-claim as alleging "that Lexington failed to advise of the limitations to coverage presented by such exclusions,"[9] and points to Lennar Corp. v. Great American Insurance Co., wherein the Texas court of appeals held that an insurer's failure to "set forth every possible type of claim that might not be covered under the policy" was not a misrepresentation. 200 S.W.3d 651, 697 (Tex. App.-- Houston [14th Dist.] 2006, pet. denied), *abrogated on other grounds by* Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London, --- S.W.3d ----, 2010 WL 5133658 (Tex. Dec. 17, 2010). However, the insurer in that case also "did not affirmatively state that [it] *would* insure" the claims. Id. (emphasis in original). In evaluating Lexington's motion to dismiss, on the other hand, the Court must accept as true Third-Party Defendants' allegation that Lexington "represented to AIM and NAI that the Policy at issue would cover losses arising out of 'in hole' failures of NAI's

---

[9] Document No. 66 at 8.

piping or casing."[10]  *See* <u>Lowrey v. Tex. A & M Univ. Sys.</u>, 117 F.3d

242, 247 (5th Cir. 1997) ("The complaint must be liberally

construed in favor of the plaintiff, and all facts pleaded in the

complaint must be taken as true.").  Whatever may be the merits of

Third-Party Defendants' position upon development of the underlying

facts, their allegations at least give rise to a reasonable

inference that Lexington affirmatively represented coverage of in-

hole losses, and therefore survives the motion to dismiss.

## II.   <u>Motion to Designate Responsible Third Party</u>

Lexington seeks leave pursuant to the Texas proportionate

responsibility statute, Chapter 33 of the Civil Practice and

Remedies Code, to designate Timothy Hightower as a responsible

third party on (1) NAI's counterclaims under Chapter 541 of the

Texas Insurance Code that Lexington misrepresented coverage in its

insurance policy and (2) NAI's counterclaims under Chapters 541 and

542 of the Insurance Code that Lexington failed "within a

reasonable time to affirm or deny coverage" of NAI's insurance

claim and "failed to timely acknowledge, investigate, or request

additional information about" NAI's claims.[11]  Lexington's motion

---

[10] Document No. 62 at 3.

[11] *See* Document No. 25 at 10-11 (NAI's counterclaims); Document No. 79 at 6-8 (Lexington's motion).

is timely filed, as is NAI's response in opposition.  *See* TEX. CIV.

PRAC. & REM. CODE ANN. § 33.004 (West 2008).[12]

> If an objection to the motion for leave is timely filed,
> the court shall grant leave to designate the person as a
> responsible third party unless the objecting party
> establishes:
>
> (1)   the defendant did not plead sufficient facts
>       concerning the alleged responsibility of the person
>       to satisfy the pleading requirement of the Texas
>       Rules of Civil Procedure; and
>
> (2)   after having been granted leave to replead, the
>       defendant failed to plead sufficient facts
>       concerning the alleged responsibility of the person

---

[12] Although technically a state procedural rule, "[t]he Texas
proportionate responsibility statutes reflect a substantive state
policy, and they do not conflict with Fed.R.Civ.P. 14, the closest
federal procedural counterpart." Harris Constr. Co., Ltd. v. GGP-
Bridgeland, LP, No. H-07-3468, 2009 WL 2486030, at *1 n.1 (S.D.
Tex. Aug. 10, 2009); *see also* Becker v. Wabash Nat'l Corp.,
No. C-07-115, 2007 WL 2220961, at *2 n.2 (S.D. Tex. July 31, 2007)
(citing Exxon Corp. v. Burglin, 42 F.3d 948, 949 (5th Cir. 1995)).
Because a responsible third party is only *designated* under these
statutes, not *joined*, there is no assertion of a third party claim
involved, nor joinder of any party as a third-party defendant, and
Rule 14 therefore does not apply.  Bueno v. Cott Beverages, Inc.,
No. SA04CA24XR, 2005 WL 647026, at *2-3 (W.D. Tex. Feb. 8, 2005);
*see also* Werner v. KPMG LLP, 415 F. Supp. 2d 688, 702-04 (S.D. Tex.
2006) (Rosenthal, J.) (holding that designation of "responsible
third parties" under Chapter 33 did not make those entities parties
to the suit).  Accordingly, NAI's assertion that Lexington's motion
is untimely under Rule 14 is incorrect; rather, it is timely under
section 33.004, which provides that motions designating responsible
third parties must be "filed on or before the 60th day before the
trial date." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a).  Docket
call is set for February 4, 2011, making the earliest possible
trial date Monday, February 7, 2011, which is 62 days after
Lexington's December 7, 2010 filing.

to satisfy the pleading requirements of the Texas
Rules of Civil Procedure.

<u>Id.</u> § 33.004(g).

"Responsible third party" means any person who is alleged
to have caused or contributed to causing in any way the
harm for which recovery of damages is sought, whether by
negligent act or omission, by any defective or
unreasonably dangerous product, by other conduct or
activity that violates an applicable legal standard, or
by any combination of these.

<u>Id.</u> § 33.011(6).

NAI's preliminary argument that the Texas proportionate
liability statute does not apply to Insurance Code claims is
unavailing.  The statute applies to "any cause of action based on
tort" or "any action brought under the Deceptive Trade Practices-
Consumer Protection Act."  <u>Id.</u> § 33.002(a).  Actions "based on
tort," as interpreted by Texas courts, include "statutory tort
claims that do not include a separate and conflicting legislative
fault allocation scheme."  <u>Werner v. KPMG LLP</u>, 415 F. Supp. 2d 688,
703 (S.D. Tex. 2006) (Rosenthal, J.) (citing <u>Sw. Bank v. Info.
Support Concepts, Inc.</u>, 149 S.W.3d 104, 111 (Tex. 2004)).  Extra-
contractual claims under the Texas Insurance code, such as NAI's
claims of misrepresentation and failure to evaluate its insurance
claim promptly, are often recognized as statutory tort claims.
<i>See, e.g.</i>, <u>Higginbotham v. State Farm Mut. Auto. Ins. Co.</u>, 103 F.3d
456, 460 (5th Cir. 1997) (describing "unfair or deceptive insurance

practices" that violate the DTPA or Insurance Code as "extra-contractual tort claims"). Moreover, the Insurance Code contains no fault allocation scheme. *Cf.* <u>Sw. Bank</u>, 149 S.W.3d at 110 (holding that the Texas legislature did not intend Chapter 33 to undo the "comparative negligence scheme" found in Article 3 of the UCC).

Furthermore, NAI has not carried its burden to establish that Lexington's motion fails to show how Hightower "in any way" caused the harm for which NAI seeks to recover.

The harm for which NAI seeks to recover through its misrepresentation claim is the difference in coverage between (1) the policy it actually obtained and (2) a specifically identifiable policy that it believed it had obtained. *See* <u>Metro Allied Ins. Agency, Inc. v. Lin</u>, 304 S.W.3d 830, 835 (Tex. 2009). Lexington alleges that Hightower, who was NAI's litigation lawyer and who dealt with its insurance claims, "acted as [NAI's] representative during the negotiations of the Policy and reviewed and approved the Policy prior to coverage being bound."[13] He offered his input to Next Chapter and AIM, reviewed the policy, and offered his assistance to NAI in evaluating "what was being presented as acceptable insurance."[14] These allegations are similar

---

[13] Document No. 79 at 6.

[14] <u>Id.</u> at 7; *see also* <u>id.</u>, ex. 3 at 136-37, 143-52, 162-63 (Hightower Depo.).

to NAI's allegations against Next Chapter and AIM for negligence and negligent misrepresentation, wherein NAI asserts that, through their agents, Next Chapter and AIM failed to "exercise reasonable care or competence in obtaining or communicating the information as the Policy allegedly does not provide NAI with the coverage it expressly sought to purchase."[15]   That Hightower also was involved in obtaining the coverage, also reviewed it, and also approved it, may lead to the conclusion that he is in part also responsible-- "whether by negligent act or omission," or for violation of "an applicable legal standard"--for the difference in coverage between the policy as drafted and the policy that NAI was led to believe it was obtaining.[16]

With respect to NAI's prompt handling allegations, Lexington points out that Hightower assumed the responsibility of providing Lexington the information necessary to evaluate NAI's claim, and asserts that the delay, if any, in its handling of the claim was caused by Hightower's delays in sending the needed information.[17] Therefore, any damage caused by a delay in handling the claim,

---

[15] Document No. 25 at 18 (NAI's Counterclaims); *see also* id. at 7, 14, 17.

[16] NAI argues that Lexington has failed to point to any *misrepresentation* made by Hightower.   However, a designated responsible third party under Chapter 33 may be responsible for the harm "in any way," not just in the *same* way as the designating party.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6).

[17] *See* Document No. 79 at 8-12.

which is recoverable under Chapter 541,[18] may have been due in part to Hightower's alleged delays in providing information.

Accordingly, Hightower is appropriately designated a responsible third party on NAI's claim that Lexington mis-represented the policy and failed promptly to evaluate NAI's insurance claim.

III.   Order

Based on the foregoing, it is

ORDERED that Plaintiff Lexington Insurance Company's Motion to Strike and, Alternatively, Motion to Dismiss Third-Party Defendants' "Counterclaim" (Document No. 66) is DENIED, and its

---

[18] As NAI points out, claims for failure promptly to handle a claim pursuant to Chapter 542 of the Insurance Code result only in automatic assessment of damages in the amount of 18 percent interest per year on the amount of the insurance claim due from the insurer. *See* TEX. INS. CODE ANN. § 542.060(a) (West 2009). These are not "actual damages" incurred by NAI as a result of any delays, but rather a "penalty" that is "payable when the insure[r] fails to comply with *any* of the requirements of the act." *See* Dunn v. S. Farm Bureau Cas. Ins. Co., 991 S.W.2d 467, 471 (Tex. App.--Tyler 1999, pet. denied) (citing Mid-Century Ins. Co. of Tex. v. Barclay, 880 S.W.2d 807, 811-12 (Tex. App.--Austin 1994, writ denied) (discussing Insurance Code article 21.55, section 6, the predecessor to section 542.060). Therefore, apportionment, if any, on NAI's prompt handling claims would only be relevant as to actual damages under Chapter 541, not interest under Chapter 542.

Motion for Leave to Designate Responsible Third Party (Document No. 79) is GRANTED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this ___ day of January, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

12